PEARSON, MJ

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |  |
|---|---|---|
| EMMANUEL HERNANDEZ, | ) | CASE NO.   4:08-CV-02722 |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | JUDGE ECONOMUS |
| v. | ) |  |
|  | ) | MAGISTRATE JUDGE PEARSON |
| CCA, *et al.*, | ) |  |
|  | ) |  |
| Defendants. | ) | **REPORT & RECOMMENDATION** |

Before the Court is Defendant Dana Orenic's Motion to Dismiss Plaintiff's Complaint

pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]  ECF No. 8.  Defendant Dana Orenic

("Orenic") seeks the dismissal of Plaintiff Emmanuel Hernandez' ("Hernandez") Complaint for

failure to properly exhaust all administrative remedies available to him; thereby, failing to state a

claim for which relief can be granted.  ECF No. 8.  Hernandez responded that he has clearly

shown and demonstrated an Eighth Amendment violation.[2]  ECF No. 14.

After reviewing each of the parties pleadings and evidence submitted in support thereof,

---

[1]  The matter is before the undersigned Magistrate Judge pursuant to a referral order from District Court Judge Peter C. Economus "for general pretrial supervision, including all Motions." ECF No. 7.

[2]  Hernandez filed a response to Defendant's reply on December 16, 2009.  ECF No. 27. Thereafter, Defendant filed a motion to strike Hernandez' response complaining that the Federal Rules of Civil Procedure do not allow a response to a reply.  ECF No. 29 at 2.  There is little an untrained litigant can do to disadvantage a trained one; therefore, to the extent the response (or surreply) illuminates even one issue, the Court will accept it.  Defendant's motion to strike is denied.

(4:08-CV-02722)

the medical evidence of record and applicable law, the Court recommends: (1) *sua sponte*

converting Defendant's Rule 12(b)(6) motion into a motion for summary judgment pursuant to

Federal Rule of Civil Procedure 12(d), (2) granting the motion for summary judgment, and (3)

dismissing the Plaintiff's cause of action with prejudice, for the reasons given below.

## I.  **Factual and Procedural History**

On November 18, 2008, Plaintiff Emmanuel Hernandez filed *pro se* the instant matter,

pursuant to 42 U.S.C. § 1983, alleging that Defendants' deliberate indifference to his serious

medical needs constitutes cruel and unusual punishment under the Eighth Amendment.  ECF No.

1.  Hernandez' Complaint originally named five defendants: 1) Corrections Corporation of

America ("CCA"); 2) Joseph Gunja, Warden; 3) CCA's Medical Department; 4) CCA's Medical

Staff; and 5) Dana Orenic (health services administrator).  ECF No. 1 at 2.  On February 20,

2009, District Judge Economus ordered "plaintiff's claims against Corrections Corporation of

America, 'CCA Medical Department' and NEOCC Warden Gunja [] dismissed pursuant to 28

U.S.C. §1915(e)."  ECF No. 5 at 4.  Judge Economus ruled that the "action will proceed solely

against Ms. Orenic."[3]  ECF No. 5 at 4.

Hernandez claims that "[s]ince July 2007, [he] began suffering from an extremely painful

and severe . . . throat infection."  ECF No. 1 at 4.  He alleges that CCA's Medical Department

saw him about 25 times for treatment in response to his complaints concerning his throat

problem.  ECF No. 1 at 4.  During those sick-call visits, Hernandez claims he "demanded to see

_____

[3]  Although the Order does not specify, it is clear from Judge Economus' ruling that the "action will proceed solely against Ms. Orenic" that Judge Economus also dismissed  CCA's Medical Staff.  *See* ECF No. 5 at 4.

(4:08-CV-02722)

[an] out-side Throat Specialist as soon as possible . . . ."  ECF No. 1 at 4.  The prison did not

approve of Hernandez' demands.  Hernandez submits that as a result of his throat problem, he

has lost his voice, is unable to speak clearly and has lost approximately 21 pounds because he has

difficulty eating and drinking.  ECF No. 1 at 5.  Hernandez asks the Court to order Defendants to

allow him to see an "out-side throat specialist" for an examination and proper treatment and

further seeks compensatory damages for Defendants' deliberate indifference to his serious

medical needs.  ECF No. 1 at 6.

During a telephonic status conference held on November 18, 2009, the Court ordered

Defendant Orenic and her counsel to inform the Court on CCA's policies, procedures and

estimated costs for an outside medical consultation for Plaintiff Hernandez.  Also during the

telephonic status conference, defense counsel and Orenic proposed that Dr. Minotti (a different

CCA physician) medically evaluate Plaintiff Hernandez.  Based upon Defendant's notice that

CCA's policies limit inmate access to consultations with non-facility medical care providers and

Defendant's proposal, the Court ordered that CCA physician Dr. Minotti to evaluate Plaintiff

Hernandez' throat condition.  ECF No. 28 at 1.

On December 21, 2009, Dr. Minotti examined Hernandez and recommended an outside

consultation with an ear, nose and throat specialist to evaluate Hernandez' throat condition.  ECF

No. 33-1 at 1 (filed under Seal).[4]  According to Defendant's follow-up status report filed on

February 19, 2010, Hernandez was examined by a physician specializing in ear, nose and throat

---

[4]  The court has permitted matters regarding prison procedure and Hernandez' health to be filed under seal.  See ECF No. 24 and No. 28.

(4:08-CV-02722)

matters associated with Fifth Avenue Otolaryngologists in Youngstown, Ohio, a medical care

provider independent of the prison housing Hernandez.  ECF No. 36 at 2.  Defendant further

stated that "[t]he examination revealed no appreciable abnormalities or findings of any of these

regions except a slight swelling of Plaintiff's tonsils. Plaintiff was negative for cancer and was

diagnosed with possible Gastroesophageal Reflux Disease ("GERD"). He was prescribed 40 mg

of Prilosec by mouth every day." ECF Nos. 36 at 2 & 37-1 (Physician Examination notes filed

under Seal).  Hernandez filed an objection to Defendant's February 19, 2010 status report

rejecting the physician's diagnosis and the status report as flawed and without merit.  ECF No.

38. Hernandez also asked the Court to order a second medical opinion.  ECF No. 38.

 The parties have fully briefed their positions concerning the Defendant's motion and

provided the Court with current medical information.  The motion is, therefore, ripe for

consideration.

## II.  Law

### A.  *Sua Sponte* Conversion of the R. 12(b)(6) Motion to a R. 56(c) Motion for Summary Judgment

 For the following reasons, the undersigned recommends that the Court convert the

pending motion to dismiss as a motion for summary judgment.  First, the ground for the

dismissal – failure to exhaust administrative remedies – does not fall under one of the seven

defenses enumerated by Rule 12(b)(6).  Lastly, both Orenic and Hernandez rely on evidence

outside of the complaint that has not been excluded by the Court, taking the motion even further

outside the bounds of Rule 12(b)(6).

(4:08-CV-02722)

### 1.  Failure to Exhaust as a Ground for Dismissal Under R. 12(b)(6)

Without question, an inmate is required to exhaust all administrative remedies before filing a lawsuit charging a violation of civil rights pursuant to 42 U.S.C. § 1983.  *See* 42 U.S.C. § 1997e(a).  The inmate is not, however, required to plead exhaustion.  *Jones v. Bock*, 549 U.S. 199 (2007) (holding that an inmate is not required to specially plead or demonstrate exhaustion in his civil rights complaint).  Rather, exhaustion is an affirmative defense that the defendant bears the burden of raising and proving.  *Roberts v. Barreras*, 484 F.3d 1236 (10th Cir. 2007).

While not a proper ground for a 12(b) dismissal, failure to exhaust does justify a procedural dismissal.  Rule 56(c) permits the dismissal of an action when "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56.  In a case such as this, a court is well within its purview to find that no genuine issue of material fact exists as to the inmate's failure to fulfill a procedural requirement such as the exhaustion of administrative remedies.  *See Benavidez v. Stansberry*, 2008 WL 4279559 (N.D. Ohio Sept. 12, 2008).  As the parties have obviously anticipated by the submission of the documents regarding Hernandez' compliance with administrative remedies, *i.e.*, "exhaustion," the resolution of this procedural issue directly depends upon evidence beyond that on the face of the complaint.

### 2.  Reliance on Extrinsic Evidence

When a motion to dismiss under Rule 12(b)(6) is founded on matters outside of or "extrinsic to" the pleadings, the trial court is obligated "to treat the motion to dismiss as one for summary judgment and to dispose of it as provided in Rule 56."  *Carter v. Stanton*, 405 U.S.

(4:08-CV-02722)

669, 671 (1972) (*per curium*); *see also Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003).  Rule 12(d) of the Federal Rules of Civil Procedure, however, provides in pertinent part:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.  All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

### 3.  Notice of the Conversion

When the Court treats a motion to dismiss as one for summary judgment, all parties must be given the opportunity to present evidence pertinent to the motion.  *See* Fed. R. Civ. P. 12(d). To ensure the plaintiff is given such an opportunity, the court typically notifies the parties of the court's intent to treat the motion as one for summary judgment.  The Court may, however, grant summary judgment *sua sponte* without providing further notice to the plaintiff.  *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 204 (6th Cir.1998).  "The key inquiry is whether the losing party was on notice that he had to muster the necessary facts to withstand summary judgment, lest he face the dismissal of his claims."  *Excel Energy, Inc. v. Cannelton Sales Co.*, 246 Fed.Appx. 953, 959-60 (6th Cir. 2007) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986); *Bennett v. City of Eastpointe*, 410 F.3d 810, 816 (6th Cir. 2005)).

In the instant case, Defendant asserted the affirmative defense that Hernandez failed to exhaust his administrative remedies and attached extrinsic material as exhibits to her motion to dismiss.  In response to Defendant's arguments and exhibits, Hernandez attached exhibits extrinsic to his pleadings.  Consequently, both parties have comprehensively addressed Defendant's affirmative defense of failure to exhaust administrative remedies.  Because

(4:08-CV-02722)

Hernandez' brief contains and relies upon voluntarily provided extrinsic evidence, the Court

finds that Hernandez had sufficient notice that the Court could consider this outside material

when ruling on the issues presented in the motion to dismiss and could convert that motion into a

motion for summary judgment under Federal Rule of Civil Procedure 12(d).  *See e.g.*, *Benavidez*

*v. Stansberry*, 2008 WL 4279559 at *8*.

### B.  Summary Judgment Standard

Summary judgment is appropriate where there are no genuine issues of material fact and

the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.  When

considering a motion for summary judgment, "the inferences to be drawn from the underlying

facts contained in [affidavits, pleadings, depositions, answers to interrogatories, and admissions]

must be viewed in the light most favorable to the party opposing the motion."  *U.S. v. Diebold,*

*Inc.*, 369 U.S. 654, 655 (1962).  However, the adverse party "may not rest upon mere allegation

or denials of his pleading, but must set forth specific facts showing that there is a genuine issue

for trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

Rule 56 requires the nonmoving party who has the burden of proof at trial to oppose a

proper summary judgment motion "by any of the kinds of evidentiary material listed in Rule

56(c), except the mere pleadings themselves[.]"  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324

(1986).  General averments or conclusory allegations of an affidavit do not create specific fact

disputes for summary judgment purposes.  *See Lujan v. National Wildlife Federation*, 497 U.S.

871, 888-89 (1990).  Nor may a party "create a factual issue by filing an affidavit, after a motion

for summary judgment has been made, which contradicts . . . earlier deposition testimony."  *Reid*

-7-

(4:08-CV-02722)

*v. Sears Roebuck & Co.*, 790 F.2d 453, 460 (6th Cir. 1986) (*citing Biechell v. Cedar Point, Inc.*, 747 F.2d 209, 215 (6th Cir. 1984))*; but see Baer v. Chase*, 392 F.3d 609, 623-26 (3d Cir. 2004) (noting that a so-called "sham" affidavit need not be disregarded if there is "independent evidence in the record to bolster [the] otherwise questionable affidavit").  Further, "'[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.'" *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989) (*quoting Anderson v. Liberty Lobby*, 477 U.S. at 252).

In sum, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for a trial – whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby*, 477 U.S. at 250.  Put another way, this Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52; *see also Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 578 (6th Cir. 2003) ("[t]he conflicting proof and the inferences that can be drawn therefrom raise genuine issues of material fact that preclude the grant of summary judgment").

### III.  Analysis

Defendant Orenic argues that Hernandez failed to exhaust his administrative remedies pursuant to the Prison Litigation Reform Act and, accordingly, he prematurely filed the instant suit in Federal Court thereby entitling Defendant to summary judgment.

-8-

(4:08-CV-02722)

### A.   Exhaustion Requirements and the Prison Litigation Reform Act

The Prison Litigation Reform Act ("PLRA") states in relevant part: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  The exhaustion requirement of the PLRA "applies to prisoners held in private facilities." *Boyd v. Corrections Corp. of America, et al.*, 380 F3d. 989, 994 (6th Cir. 2004).  Thus, for a prisoner to exhaust all available administrative remedies, he or she must follow the procedures and policies of the facility in which he or she is housed.  *See e.g.*, *Woodford v. Ngo*, 548 U.S. 81, 93 (2006) ("[T]he PLRA exhaustion requirement requires proper exhaustion.").

In order to determine whether Hernandez has satisfied the PLRA exhaustion requirement, the Court reviews the prison's administrative remedies and compares them with Hernandez' allegations contained in the Complaint, along with the supporting documentation attached to both parties' briefs.

### B.   The Prison's Grievance Policy

Defendant summarized the facility's four-step *formal grievance policy* as well as attached a copy of the grievance policy to their motion.  ECF Nos. 8 at 5 & 8-1 at 4.  Rather than reiterate the entire formal policy (which is not at issue), the Court focuses on the crux of the dispute: Whether Hernandez properly attempted to *informally resolve* his grievance prior to submitting a *formal* grievance.

Defendant contends that "[i]n the event the inmate does not receive resolution in the

(4:08-CV-02722)

informal process and files a formal grievance, he must attach his documented attempts at

informal resolution to the grievance when submitting.  As [Hernandez] failed to follow proper

procedure, his grievance was rejected."  ECF No. 8 at 6 (*citing* ECF No. 8-1 at 5, Affidavit of

Jillian Shane, Facility Grievance Officer).  Defendants set forth that the informal grievance

policy requires prisoners to first attempt to informally resolve problems and then, within seven

days, file their formal grievance with the grievance officer.  ECF No. 8 at 7 (*citing* ECF No. 8-1

at 4, Affidavit of Jillian Shane, Facility Grievance Officer).  It is undisputed that Hernandez

submitted two *formal grievances* on November 16, 2007 and June 30, 2008.  ECF Nos. 1 at 5 &

8 at 5, 7.  Defendants argue, however, that Hernandez did not first attempt to *informally* resolve

his problems and then, within seven days file a formal grievance.  Hernandez has not submitted

evidence of informal attempts at resolution that satisfy the seven day requirement for either of his

formal grievances.  Nor has he argued the same.

  In his opposition to Defendant's motion, Hernandez does not argue that he made the

proper informal attempts, rather, he accused Jillian Shane, the prison's grievance officer, of

intentionally denying and delaying his medical treatment.  ECF No. 14 at 3.  Ms. Shane is not a

named defendant in the instant case; accordingly, the Court will not address this assertion.

  The undersigned finds that no genuine issue of material fact exists concerning whether

Hernandez properly attempted to *informally resolve* his grievance prior to submitting a *formal*

grievance. Therefore, the Court recommends granting Defendant's Motion for Summary

Judgment and dismissing the complaint for failure to properly exhaust the available

administrative remedies as required by the PLRA.

(4:08-CV-02722)

Furthermore, the primary relief Hernandez sought was an examination by an "out-side throat specialist."  ECF No. 1 at 6.  The prison provided Hernandez that relief.  On February 19, 2010, Hernandez was examined by an ear, nose and throat specialist "out-side" of the prison's facility and staff.  ECF No. 36.  Hernandez, however, continues to disagree with the diagnoses from the prison's doctors as well as the sought after out-side specialist.  ECF No. 38. Hernandez' dispute appears to lie with the adequacy and course of treatment prescribed.  Such a dispute does not rise to the level of an Eighth Amendment claim when a prisoner is simply second-guessing or disagreeing with medical judgments.  *See Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976); *see also Durham v. Nu'Man*, 97 F.3d 862, 869 (6th Cir.1996) ("The Plaintiff's complaints go to the adequacy of the medical care; they do not raise an issue of unnecessary and wanton infliction of pain as required under *Estelle*.  They were not deliberately indifferent to a serious medical need of the Plaintiff."); *Sharpe v. Patton*, 2010 WL 227702, * 11 (E.D. Ky. Jan. 19, 2010); *Birdsong v. Bishop*, 2008 WL 5135325, * 16-17 (E.D. Ky. Nov. 26, 2008); *Warman v. H.J. Marberry, T.K.*, 2008 WL 2745170, * 9 (E.D. Mich. July 14, 2008); *Jennings v. Al-Dabagh*, 275 F.Supp.2d 863, 870 (E.D. Mich. 2003); *Alexander v. Fed. Bureau of Prisons*, 227 F.Supp.2d 657, 666 (E.D. Ky. 2002).  "It is not the province of the Court to second guess medical judgments for purposes of deliberate indifference claims."  *Warman*, 2008 WL 2745170 at * 8.

### IV.  Conclusion and Recommendation

Based on the foregoing analysis, the Court concludes that Hernandez failed to exhaust the administrative remedies available to him prior to filing the current action as required by the

-11-

(4:08-CV-02722)

Prison Litigation Reform Act.  Accordingly, the Court finds that no genuine issue of material fact

exists, pursuant to Rule 56(c).

Therefore, the undersigned Magistrate Judge recommends: (1) *sua sponte* converting

Defendant's Rule 12(b)(6) motion into a motion for summary judgment pursuant to Federal Rule

of Civil Procedure 12(d); (2) granting the motion for summary judgment; and (3) dismissing the

Plaintiff's cause of action with prejudice.


  March 5, 2010                                              s/ Benita Y. Pearson
Date                                              United States Magistrate Judge


## OBJECTIONS

Objections to this Report and Recommendation must be filed with the Clerk of Courts
within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified
time waives the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d
947 (6th Cir. 1981); *see also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111
(1986).